**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

JOSE MARTI,                          :
                                         Civil Action No. 05-1267 (RBK)
          Petitioner,            :

          v.                     :    **OPINION**

JONATHAN C. MINER, Warden,        :

          Respondent.            :

**APPEARANCES:**

Petitioner pro se                Counsel for Respondent
Jose Marti                       Paul A. Blaine
FCI Fairton                      Assistant U.S. Attorney
P.O. Box 420                     401 Market Street, 4th Floor
Fairton, NJ 08320                Camden, NJ 08101

**KUGLER**, District Judge

Petitioner Jose Marti, a prisoner currently confined at the Federal Correctional Institution at Fairton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The sole respondent is Warden Jonathan C. Miner.

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Because it appears from the submissions of the parties that Petitioner is not entitled to issuance of the writ, the Court will deny the Petition.

## I.   BACKGROUND

Petitioner was convicted of robbery on May 5, 1994, in the Pennsylvania Court of Common Pleas, Philadelphia County, and was sentenced to a term of 11-1/2 to 23 months imprisonment, to be followed by five years probation.  (Answer at 3.)[2]  He was released from custody to probation on July 7, 1994.  On November 11, 1996, he was convicted of violating that probation and was sentenced to a term of imprisonment of one to five years. Service of that sentence began on November 11, 1996, and ended on November 11, 2001, at the end of the full term.

During service of the Pennsylvania sentence, on December 16, 1998, Petitioner was indicted on the federal charges that resulted in his current federal conviction and custody.[3]  On February 2, 1999, Petitioner was delivered to federal authorities

---

[2] "The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."  28 U.S.C. § 2248.

[3] Petitioner is serving a 92-month sentence imposed by the U.S. District Court for the Eastern District of Pennsylvania on November 1, 2000, pursuant to his conviction of violating 21 U.S.C. § 846 (conspiracy to distribute cocaine), and 21 U.S.C. § 841(a) (distribution and possession with intent to distribute cocaine).  Petitioner is projected to be released from federal custody on June 15, 2008.

pursuant to a federal writ of habeas corpus <u>ad</u> <u>prosequendum</u> to answer the pending federal drug charges.  On December 3, 1999, Petitioner entered a guilty plea to the two federal counts pursuant to which he was sentenced on November 1, 2000, and presently is incarcerated.  The federal sentence made no provision for whether it was to be served concurrently with or consecutively to the Pennsylvania sentence.  Petitioner was returned to the custody of Pennsylvania authorities, in satisfaction of the writ, on November 22, 2000.

Upon completion of his state sentence on November 11, 2001, Petitioner was delivered to federal authorities and service of his federal sentence commenced that day.  The Bureau of Prisons credited Petitioner with pre-sentence jail time as follows:

> August 31, 1994 (date of state arrest) - September 13, 1994 (date of release) (14 days),
>
> December 7, 1994 (state arrest and release) (1 day),
>
> May 19, 1995 (state arrest) - June 2, 1995 (release on bond) (15 days).

Pennsylvania authorities did not credit these periods of pre-sentence jail time to the probation violation sentence.  The BOP determined that these periods properly were credited against Petitioner's federal sentence, as they had not been credited against any other sentence.  However, because the time spent in federal custody pursuant to the writ of habeas corpus ad prosequendum (February 2, 1999 - November 22, 2000) had been

credited by Pennsylvania authorities against the probation violation sentence, the BOP did not credit any of that time against the federal sentence.

Petitioner brings this Petition for writ of habeas corpus asserting that he is entitled to credit against his federal sentence for the time spent in federal custody pursuant to the writ of habeas corpus ad prosequendum.  Respondent has answered and this matter is now ready for disposition.

## II.  ANALYSIS

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, United States v. Wilson, 503 U.S. 329 (1992) and 18 U.S.C. § 3585, and the Attorney General has delegated that authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96 (1992).

Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination of, first, the date on which the federal sentence commences and, second, the extent to which credit is awardable for time spent in custody prior to commencement of the sentence.

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of

>    imprisonment for any time he has spent in official
>    detention prior to the date the sentence commences-
>
>> (1) as a result of the offense for which the
>> sentence was imposed; or
>
>> (2) as a result of any other charge for which
>> the defendant was arrested after the
>> commission of the offense for which the
>> sentence was imposed;

that has not been credited against another sentence. 18 U.S.C. § 3585(a), (b). In addition, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the Court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a).

Thus, the BOP properly determined that Petitioner's sentence commenced on November 11, 2001, when he completed his state sentence and was delivered to federal custody. In addition, the BOP properly credited Petitioner with 30 days credit for time Petitioner spent in official detention, prior to the date the federal sentenced commenced, as a result of the offense for which the sentence was imposed and that was not credited toward any other sentence. See 18 U.S.C. § 3585(b).

The BOP also properly refused to credit Petitioner for time spent in physical custody pursuant to the writ of habeas corpus ad prosequendum. When two different sovereigns have custody of a criminal defendant over time, the general rule is that the sovereign who acquires custody first in time has primary jurisdiction over the defendant. See Chambers v. Holland, 920

F.Supp. 618, 622 (M.D. Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996) and cases cited therein.

> Primary jurisdiction remains vested in the [jurisdiction] which first arrested the defendant until that jurisdiction relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of the sentence. ... Producing a state prisoner under writ of habeas corpus ad prosequendum to answer federal charges does not relinquish state custody.

Chambers, 920 F.Supp. at 622 (citations omitted).

Thus, the state of New Jersey possessed primary jurisdiction over Petitioner, which it retained when it produced Petitioner to federal authorities pursuant to the writ of habeas corpus ad prosequendum. The time during which Petitioner was subject to the writ was credited toward his state sentence and cannot, consistent with 18 U.S.C. § 3585, be credited toward his federal sentence.

### III. CONCLUSION

For the reasons set forth above, the Petition must be denied. An appropriate order follows.

S/Robert B. Kugler
Robert B. Kugler
United States District Judge

Dated: June 30, 2006